CAROLINE BODE, ADM'X OF CHRISTIAN BODE *v.* JAMES WELCH

The act of March 30, 1875 (72 O. L., p. 161), which takes away the right to appeal from judgments of a justice of the peace where the sum is less than one hundred dollars, does not apply to or affect cases where the judgment had already been rendered, and the ten days allowed by law for giving the appeal bond had not expired, at the time the act was passed and took effect, and appeals in such cases might be perfected after the date of the act.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Butler county.

On the 26th of March, 1875, the plaintiff in error recovered a judgment against Welch, before a justice of the peace, for the sum of $73.60. From this judgment Welch

took an appeal, giving his appeal bond on the 5th of April, 1875. In the common pleas, the appeal was dismissed on motion of the appellee, upon the ground that the judgment was for a sum less than one hundred dollars, and that by the provisions of the law in force at the time of giving the appeal bond, namely, the amendatory act of March 30, 1875 (72 Ohio L. 161), no appeal is allowed in such cases. On petition in error, the judgment of the common pleas was reversed by the district court, and leave is now asked to file a petition in error, here, to reverse the judgment of reversal.

*S. B. Carter* and *P. C. Conklin*, for the motion.

The right to appeal is wholly dependent on the statute. If, therefore, on April 5, 1875, the statute in force did not give the defendant the right of appeal, he had no such right unless he had acquired it prior to March 30, 1875, when the old law was in force. But he had not acquired the right prior to March 30, because the statute did not give the right as a matter of course, but only permitted parties to take the right upon giving bond and filing a transcript within a certain time, neither of which was done by the defendant prior to the repeal of the law. *Butler* v. *Palmer*, 1 Hill, 324; *Parker* v. *Stirling*, 10 Ohio, 359; *Bigelow* v. *Pritchard*, 21 Pick. 174; *Sturges* v. *Crowinshield*, 4 Whart. 200; *Mason* v. *Haile*, 12 Wheat. 379; *Brownson* v. *Kinzie*, 1 How. 315; *Sapp* v. *Langhead*, 6 Ohio St. 174; *Westerman* v. *Westerman*, 25 Ohio St. 507.

*James E. Neal*, contra.

WELCH, C. J. The law in force at the date of the judgment gave the right of appeal, and required no notice of the intention to appeal, but required that the appellant should give his appeal bond within ten days. By the amendatory act of March 30, 1875 (72 Ohio L. 161), the section of the act giving this right of appeal (S. & C. 788, sec. 111), was repealed, without any saving clause as to actions pending, or causes of action subsisting, and without any express provision making it applicable to such actions

or causes. But it is provided by the first section of the act of February 19, 1856 (S. & S..1), that "whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, nor causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act." The act of March 30, 1875, must, therefore, be read as though this section of the act of 1856 were appended to it, as a saving clause. It is quite clear to us that the act of March 30, 1875, could not have been intended to have a retroactive effect, so as to extinguish subsisting rights of appeal from judgments already rendered. To give it such effect would work manifest injustice. The judgment from which the appeal is sought may have been taken *pro forma,* or without the necessary preparation for a full and fair trial, the party relying exclusively or mainly upon his right of appeal. There is nothing in the wording of the act to make it necessarily retrospective. If we hold that it applies to past judgments at all, I do not see how we can draw any distinction between cases where some or all of the steps necessary to perfect the appeal had already been taken, and cases like the present, where there is the mere *right* to appeal. Counsel concede that the act does not affect the first-named class of cases, and yet they seem to admit that the legislature has power to pass a law to that effect. If this act applies to one of the classes of cases, it seems to me it must apply to both. Under our law, an appeal vacates the judgment and places the parties in *statu quo.* The right to appeal from a subsisting judgment is as valuable and ought to be as sacred as the right to bring the original action, or to defend against it. The giving of notice, and the execution of an appeal bond, are not acts by which the right of appeal is *acquired;* they are acts by which it is *saved.* The *right* to appeal accrued the moment this judgment was entered, and was just as valuable and sacred before the bond was executed as afterwards. Until the time allowed by law for taking steps toward an appeal—

until the expiration of the ten days allowed in this case, the right remained in abeyance. When the bond is executed it relates back to the date of the judgment, equally as if the bond had been executed *instanter*. The execution of the appeal bond at any time within the period allowed by law, secures to the appellee all the rights he could have acquired by executing it at any other time within that period. A majority of us think that the case comes within the spirit and intent of the saving provisions of the act of 1856. It is true, in a strictly technical sense, that there was no " action " or " proceeding " pending at the time the repealing act took effect, because a " final judgment" had been rendered therein. But the judgment was final only with reference to the power of the court, and its action in the case. With reference to the rights of the parties it was not final. That which can be vacated and superseded is not final, as between parties having the power to set it aside. Whether such right of appeal is to be regarded as a subsisting ." cause" of action or proceeding, or whether the case in which it exists is to be regarded as a pending " action " or " proceeding " within the purview of the act of 1856, matters not. In whichever character it is to be regarded, we think it comes fairly within the saving clauses of the act.

*Motion overruled.*