Okey, O. J.
Two questions are presented : first, whether the right to prosecute this petition in error is barred by the statute; and, secondly, whether the court erred in sustaining a demurrer to the answer and cross-petition of the administrator of Francis Shinn.
1. The demurrer to the answer and cross-petition of the administrator of Francis Shinn was sustained at a term previous to September, 1875, But no final judgment was rendered until the September term, 1875, which was held on the 7th day of that month, and hence, in determining whether the proceeding in error is barred, time is to be computed from that day. The petition in error was filed and summons issued September 3, 1878, which is four days less than three years from the time *48 the order of partition was made. The limitation for proceedings in error, under the civil code of 1853 (§ 523), was three years; but by the revising act of May 14, 1878, which took effect September 1, 1878 (75 Ohio L. 808, § 20; Rev. Stats. § 6723), the period was shortened to two years; and as the act of 1878 was in force when this petition in error was filed, and two years had elapsed since the order complained of had been made, it is insisted that the proceeding in error is barred. In support of this claim the defendants in error rely on The Marinda v. Dowlin, 4 Ohio St. 500. There the judgment sought to be reversed was rendered in .February, 1850, when the limitation as to proceedings in error was five years, but the petition in error was not filed úntil December, 1854, and by the civil code of 1853, the time in which such proceeding could be commenced was fixed at three years, as already stated. The court held that the provision in the code applied, and that the proceeding was barred. No doubt that decision rests on satisfactory ground. That “ all courts shall be open, and every person for an injury done him in his land, goods, person or reputation, shall' have remedy by due course of' law,” is ordained in the constitution (art. 1, § 16); and it is not within the power of the legislature to abridge the period within which an existing right may be so asserted as that there shall not remain a reasonable time within which an action may be commenced. Cooley’s Con. L. (4th ed.) 456; Const, art. 2, § 28. But in the right so to appeal to the courts, there is not involved a further ’right to appeal from the judgment of the court to which such application for redress is made. On the contrary, a right of appeal from such judgment exists only when given by statute (Com. v. Messenger, 4 Mass. 469), and such right of appeal, when so given, may be taken away by statute, even as to cases pending on appeal. Ex parte McCardle, 7 Wall. 506. And the samé thing is true with us as to proceedings in error. The Marinda v. Dowlin, supra. We would have no hesitation, therefore, in holding that this proceeding in error is barred by the limitation of two years, if the rule declared in that case remained unaffected by other statutory provisions. But the question is whether such rule has not been changed by *49 statute. The act of 1866, which remained in force until 1880, provided as follows: “ Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, nor causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.” 1 S. & S. 1; Rev. Stats. § 19.
The remedy by error is a proceeding (Hobbs v. Beckwith, 6 Ohio St. 252), and it has been held that it is a proceeding within Rev. Stats. § 19, which saves pending proceedings when the statute upon which they are founded is repealed. Railroad Co. v. Belt, 35 Ohio St. 479. The same language, it will be seen, occurs in the act of 1866 ; and if the words, pending proceeding, include a pending petition in error, it is difficult to see why the words, cause of proceeding, in the same section, when applied to matters as to which relief may be granted notwithstanding the repeal of the statute on which they are founded, do not include the right to file a petition to reverse a judgment. True, it was held in Westerman v. Westerman, 25 Ohio St. 500; John v. Bridgman, 21 Ohio St. 22, that the act of 1866 did not prevent the application of statutes regulating procedure in an action, to causes pending when the statute was passed, and hence a change by statute in the rule as to the competency of witnesses applied to pending actions, notwithstanding the act of 1866. It is insisted that the same principle governs here, and that to shorten the period within which petitions in error may be filed is not to affect the cause of proceeding, within the meaning of that act. But in Railroad Co. v. Hine, 25 Ohio St. 629, a different view was adopted. It was there held that by force of the act of 1866, an action was to be governed, as to the time within which it might be brought, by the statute in force when the cause of action accrued.. According to the statute in force when suit was brought, the action was not barred, but it was barred according to the statute in force when the cause of action accrued, and it was held that by force of the act of 1866 the bar was complete. It is impossible to distinguish that case from this, in the particular.: *50 now under consideration, and other cases construing tbe act of 18G6, support the same view. The State v. Washington Tp., 21 Ohio St. 603; Bode v. Welch, 29 Ohio St. 19; Bergin v. The State, 31 Ohio St. 111. And see Rev. Stats. § 19, note. ¥e hold, therefore, that by force of the act of 1866, this case is governed in this particular by section 523 of the civil code of 1853, and consequently the right to maintain this proceeding in error is not barred.
2. The other question, whether the district court erred in sustaining a demurrer to the answer and cross-petition of the administrator of Francis Shinn,-is more easily determined. And we are quite clear that the district court erred. There is no reason why the administrator was not entitled to an order of sale on his answer and cross-petition. His right to obtain an order of sale for the payment of debts, as against the parties to this suit, was wholly unaffected by the statute of limitations ; the heirs of Francis Shinn held title to the premises subject to the right of the administrator for such purpose; the widow and heirs of Joseph W. Lafferty had no interest in the premises, nor any other right with respect thereto except to .remove any property they placed thereon, which had not become part of the realty ; and, indeed, the case is in principle like Taylor v. Thorn, 29 Ohio St. 569, which we follow.

Judgment reversed.