Minshall, J.
The object of this suit is to compel the-removal of an action from the county where commenced to an adjoining county of the same sub-division of the judicial district, under the act passed March 19, 1887, amending § 550, Rev. Stats. (84 Ohio L. 129.) The action sought to be removed, is a suit by a creditor against the stockholders of an insolvent company, The Springfield, Jackson & Pomeroy R. R. Cd., which was commenced December 31, 1879, in the Court of Common Pleas of Clark County. On March 28, 1887, the relator, on leave granted by Judge Hawes, in an adjacent-county, filed an answer and cross-petition as a creditor of the *179 company to a large amount, asking, in its favor and that of all the other creditors, to enforce the individual liability of the stockholders; and on April 1, 1887, after filing the affidavit required by the statute, requested the removal of the cause to an adjoining county of the same sub-division, that being as stated, practicable, on the ground, as stated in the affidavit, that Charles R. White, the judge of the common pleas of the county, is interested in the event of the cause, being one of the stockholders of the company; and there being no other judge in the county not so interested. The clerk, respondent in this action, refused to transmit the papers as requested on the grounds, as appears from his answer to the alternative writ, (1) that the act of 1887, amending § 550, Rev. Stats., did not become a law by reason of certain irregularities in its passage; (2) that it does not apply to pending actions; and (3) that the relator was not a party to the suit sought to be removed, the judge granting the leave to file the pleading, having, as claimed, no power to do so, the common pleas in Clark county being in session at the time; and that Judge White, though a subscriber to the stock of the company, was not interested, no certificate of stock having been issued to him.
Of the first and third grounds of defense, little need be said: The amendatory act was signed by the presiding officer in each house; and there is nothing appearing upon the journal of either, that would warrant us in holding that it did not become a law. State ex rel. Herron v. Smith, 44 Ohio St. 348. As to the third ground: The suit sought to be removed is necessarily prosecuted for the benefit of all the creditors of the company, and if leave was improperly granted the relator to beconma party and to answer, the remedy is to move the court in which the action is pending to strike the pleading from the files and dismiss him from the action.
The second ground does, however, as we think, constitute a defense, and the writ must for such reason be refused. The suit was commenced in 1879, and the facts now relied on, constituting a ground of removal, have existed since the time Judge White became a judge of the court of common pleas, which was May 3, 1885. The law then in force, § 550, as *180 amended February 7, 1885, authorized a removal ou the ground of a judge of the court of common pleas being interested in the event of a cause pending before the court in his district, only where there was “no other judge in the same,” that is, his “ sub-division, not so disqualified.” It is not averred in the pleadings, nor is it claimed, that such was or has been the case since Judge White entered upon his term. The removal is sought on the ground that Judge White is interested in the event of the case, and that there is no other judge residing in the county where the cause is pending, not so interested. This is the ground provided by the act of 1887, amending § 550, Rev. Stats. This act, being an amendatory one, must be construed in connection with § 79, Revised Statutes, which reads as follows :
“Section 79. Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
The act of 1887, under which the removal is sought, unquestionably relates to the remedy, and hence, by reason of this section, cannot be made to apply to a pending action, unless so expressed in the act itself. This is admitted. But it is claimed, that the language “in every instance where a judge of the court of common pleas is interested in the event of a cause,” used in the act of 1887, is general and in the present tense, and so necessarily applies to a pending action. But it is evident, as we think, that this is not the proper construction of the clause “ unless so expressed,” used in the section just quoted. It is a principle common to every enlightened system of jurisprudence that laws should be made to affect future and not past transactions, Sedg. Stat. Law, 160; and is incorporated in our fundamental law by a pro *181 hibition against the passage of retroactive laws. But it is generally held that remedial statutes are not within the mischief intended to be avoided by the prohibition against retroactive laws, and such effect is generally given them, where the intention of the legislature to make them so applicable, appears from the language employed. Rairden v. Holden, 15 Ohio St. 207; Sedg. Stat. Law, 162 n. This rule with its exception has been embodied in our statute law, with this simple modification, introduced for the first time by the revision of 1880, that when the intention is to give to a repeal or amendment relating to the remedy, a retroactive effect, such intention must not be left to construction, but must be so expressed by a provision to that effect. No generality of language nor use of the present tense, can be accepted by the courts as a substitute for such express indication of the legislative intent. This, we think, is the only proper construction to be given this clause in the above quoted section. 'The provision has not merely the advantage of being a rule of certainty in construction, but also, of exciting the attention of the legislature, and begetting an inquiry as to the propriety of applying a given amendment of a remedial nature to pending actions, prosecutions or proceedings. And the history of the enactment of the act of 1887, will, of itself, illustrate the wis.dom of this clause in section 79, of the Bevised Statutes. The bill, when first introduced, contained an express provision making it applicable to pending actions; but this was stricken out by an amendment in the house where the bill was introduced ; so that, we know that the legislature with its attention called to the matter, was unwilling to enact it in that form, and must therefore have intended that it should, under the provisions of the above section, apply to future cases only.
But it is claimed that under the act that was in force at the commencement of the action sought to be removed, which was the act of 1860 (S. & C. 387) it could be removed on the facts stated in the affidavit — the interest of Judge White in the event of the cause — as this act, as did also the act by which it was repealed in 1880, authorized the removal of a cause when any judge of the court of common pleas in the district is in *182 terested in the event of it; and,- therefore, by the same reasoning, adopted by counsel for the respondent, the cause may be removed under the act of 1860; as the act of 1880, which repealed the act of I860,'does not make it apply to pending cases, nor does the act of 1885, which repealed the act of 1880, contain such provision. This reasoning would be unanswerable if the ground of the removal, on which the motion is now made, had arisen under the act of 1860, or that of 1880, for, in either case, there would have been a pending ground of- removal, unaffected by the repeal of either statute under the provisions of section 79. Bode, adm’x v. Welch, 29 Ohio St. 19. It may be well enough to remark that the case just cited, arose before the enactment of section 79 contained in the revision. The statute then in force on the subject was the act of 1856 (S. & S. 1), and did not contain the clause in regard to repeals or amendments relating to the remedy, found in the above section of the revision. The court held, that the amendment of March 30, 1875 (72 Laws, 161), taking away the right of appeal from the judgment of a justice of the peace, where the sum was less than $100, did not affect the right to appeal from a judgment rendered before the passage of the act. It was held that, as to such judgment, there was a “ subsisting right of appeal,” unaffected by the amendment. But it cannot be said that there -was a subsisting right to remove this cause at the passage of the act of 1887. No such ground as the disqualification of Judge White, existed under the act of 1860, or that of 1880. The facts constituting such ground arose for the first time, when Judge White became a judge of the court of common pleas, which was, as we have seen, after the act of 1885 became a law, and before its repeal. But the simple fact that a common pleas judge is interested in the event of a cause pending in any county of his district, did not, under that act, of itself constitute a ground for the removal of the cause to another county. It further required that it should negatively appear that “ there is no other judge in the same sub-division who is not so disqualified.” So that there was no ground *183 ■or cause for a removal, resting simply upon the disqualification of Judge White, pending under the act of 1885, to be ■saved by the operation of section 79 on the repeal of that .-act. And herein the case is distinguished from the case of Bode, adm’x v. Welch, and also, from the case of Palmer v. State, 42 Ohio St. 596. In the former case a judgment had been rendered from which there was a subsisting right of ¡appeal; in the latter a prosecution was pending, applicable to the trial of which, the statute, subsequently repealed, provided certain grounds of challenge in impanelling a jury; and there being no provision in either amendment of the law making it applicable to pending actions, prosecutions or proceedings, it was held, in each case, that the repealed statute, and not the amendment, applied.
For the reasons stated, the writ must be refused and the petition dismissed.
Williams, J., not sitting in the case.