Baldwin, J. -
This case is a p'etitioh’in error to reverse a judgment recovered in the court of common,pleas by D., H. Kimberley, as-treasurer of Cuyahoga county, against James Wade, as executor of the estate'of Thcpnas Smith, for taxes and penalties fon the year 1888. '1,1
Thomas Smith1, thé cíécedent, who died in December, 1888, or January, 1889, had made fto returns for the years 1883 to 1888, inclusive. ’ ilhe' tréasurer brought suit against his estate for'the déíinqueht'taxes fór the'^ears 1883 to 1888 inclusive,, and fortlie penalty of 50 per cent, thereon undepsection 2781.. By-’-Sn-'ataehded and Supplemental petition, the plaintiff also-claimed an additional ten pér cent, penalty accruing in 1889.. Plaintiff recovered judgment for the taxes for 1888 only, and-penalties thereon'.’ The'casé was tried to the court. On the hearing before us, defendant- in'terror desired to file a cross-petition in error to reverse the judgment of the court of common pleas, so far as he was denied the recovery of any taxes-for the,years 1883 to 1887 inclusive.
This- application to file the cross-petition in error was made-more than six,months but less than two years after the judgment,,W.as rendered. ■••The statute at the time of the judgment *35 made a six months’ limitation to the filing of a petition in error./
The matter seems to be determined beyond question against the filing of the cross-petition in error, by the decision in the case Bode v. Weld, 29 Ohio St. 19, deciding that as the right to appeal is a proceeding, that the limitation that existed at the rendition of the judgment is the proper limitation.
In the case of Mannix v. Purcell, 46 Ohio St. 151, the filing of a petition in error is likewise styled a proceeding, as really it should be, if an appeal is so.
In case of Trustees v. Infirmary Directors, 46 Ohio St. 694, the limitation at the time the judgment was rendered is applied, and for that reason; and in the Mannix case already referred to, the same rule as to limitation, applied to the filing of an original petition in error, is applied to a cross-petition in error. Leave to file a cross-petition in error will, therefore, be refused.
The plaintiff in error claims several substantial grounds of error in the judgment for the- taxes of 1888. The plaintiff produced the tax duplicate, and rested. The defendant'objects to the sufficiency of the evidence. The action is claimed to be brought under sec. 2859 of the Revised Statutes, which reads as follows:
“Sec. 2859. — When any personal taxes, heretofore or hereafter levied, shall stand charged against any person, and the same shall not be paid within the time prescribed by law for the payment of such taxes, the treasurer of such county, in addition to any other remedy provided by law for the collection of such personal taxes, is hereby specially authorized and empowered to enforce the collection by a civil action in the name of the treasurer of such county against such person for the recovery of such unpaid taxes, and it shall be sufficient, having made proper parties to the suit, for such treasurer to allege in his bill of particulars or petition, that the said taxes stand charged upon the said duplicate of said county against such pex’son ; that the same are due and unpaid, and that such per’ *36 son is indebted in the amount appealing to be due on said duplicate, and such treasurer shall not be required to set forth in his petition any other or further special matter relating thereto, and the said tax duplicate shall be received as prima faeie evidence, on the trial of said suit, of the amount and the validity of such taxes appearing due and unpaid thereon, and of the non-payment of the same, without setting forth in his bill of particulars, or petition, any other or special matter relating thereto * *
But, says the defendant, the treasurer instead of relying upon the short form authorized by that section, has set forth the particulars of the assessment and charge of the taxes, and he cannot use the duplicate as authorized by that section. To this objection to the admissibility and effect of the duplicate, it is a conclusive answer that the petition contains all that is required by section 2859; and indeed, it' would seem a fair construction of the section that if it had not, still the duplicate might be so used. The words as to use of the duplicate in “said suit” evidently referring to the “ civil action ” in the name of the treasurer, and the short form being simply a permissive form of pleading in that “civil action.” We think there was no' error in the use made of the duplicate.
It is objected further that as an issue in the ease was the domicil of the decedent, such use of the duplicate was incompetent as to that. We fail to find any reservation in section 2859 in favor of that or any other issue. The evidential force of the duplicate is definitely fixed by the statute.
We are asked to say that on the question of domicil, the judgment was against the evidence. The decedent seems to have been a person who desire no taxing domicil, yet to have repeatedly and solemnly himself declared Cleveland to be his home, and that issue is well supported in favor of the plaintiff. There is no doubt in our minds that that issue was with the plaintiff.
A subject more largely debated in the court of common pleas than is necessary to discuss here, to determine the va *37 lidity of the judgment recovered, is the question upon what tax books or duplicates these taxes should be entered.
The entries were made in March, 1889, upon the tax duplicate of the years 1888 and prior thereto to the year 1883, the default for each year being entered upon the duplicate for that year. The reasoning of the learned judge of the common pleas was terse and forcible to show that the entries should not have been made upon duplicates for the years 1883 to 1887, already returned to the county auditor and completely settled for, but upon the current duplicate for 1888. But as suggested, we are not to decide as to the years 1883 to 1887. The taxes for 1888 and penalties were entered by the auditor as required by sec. 2781 “on the tax lists in his office,” and he “ gave a certificate therefor to the treasurer.”
The remainder of the section provides that the treasurer “ shall collect the same as other taxes,” which he has been trying to do.
Ány uncertainty as to the duplicate, from' the brief language of sec. 2781, is set at rest by sec. 2753, providing that additions on account of mistakes in the assessment of real estate, or on account of new improvements “and all additions made by the assessor as contemplated by this section, as well as all that may be made under the provisions of sec. 2781, shall be placed upon the grand duplicate of the county, and placed in the hands of the county treasurer for collection, subject to be modified by the action of the next annual board of equalization.” The case of Cameron v. Cappellar, 41 Ohio St. 533, recognizes that it should be placed upon the “ tax duplicate.” So they are to go on the duplicate, and yet be certified to the treasurer, and he is to collect as he collects other taxes.
It seems to us quite clear that while the duplicate of 1888 was still in the hands of the treasurer for collection, and there was not and could not be any duplicate of 1889, the taxes should be entered on the duplicate of 1888. The statute provides for no waiting, and contemplates such certificate and *38 action as it -would be useless to direct, if the correction were to go on a duplicate yet to be made.
It is true that the tax was not certified over until after the December payment — it was before the June payment — but it was a correction of that duplicate in placing thereon, taxes wrongfully evaded by the taxpayer, who can have but a weak voice in finding fault, when he himself was in duty bound to make returns, so that it should have been upon the duplicate of 1888, when that duplicate was first made.
It was his duty to have made such return; the tax would then have been upon the duplicate which was afterwards corrected. It was his- duty further to have paid the one half in December and the other in June. He did not. The statute in that event fixes a penalty, set up here by a supplemental petition and recovered. Nor is it strenuously claimed that if the plaintiff was entitled to recover the tax and fifty per cent, penalty, he was not also entitled to recover the ten. It was, however, stoutly claimed, that the treasurer was not entitled to recover at all, on the ground that sec. 2781, as amended April 14th, 1886, (Vol. 83, Ohio L. p. 82), is unconstitutional and void, for the reason that it authorized going back five years instead of four as in the previous act, and placing a jjenalty on for the whole five years.
The act of 1886 repealed and was in place of the previous section 2781, in the Revision of 1880, passed before that in 1878.
Section 2781 in the Revision of 1880 reads as follows:
“ Sec. 2781. If any person whose duty it is to list property or make a return thereof for taxation, either to the assessor or to the county auditor, shall make a false return or statement, or shall evade making a return or statement, the county auditor shall ascertain, as near as practicable, the true amount of personal property, moneys, credits, and investments, that such person ought to have returned or listed, to which amount he shall add fifty per centum, and place the same on the tax-list; and the inquiry and corrections provided for in this and the *39 next section may go as far back as the same may be traced, not exceeding the four years next prior to the year in which the inquiries and corrections are made, but as to former years, no penalty shall be added, and only simple taxes shall be claimed.” [58 v. 47, § 1.]
The same section 2781, as amended April 14, 1886, reads now:
“ Sec. 2781. If any person whose duty it is to list-property or make [a] return thei’eof for taxation, either to the assessor or county auditor, shall, in any year or years make a false return or statement, or shall evade making a return or statement, the county auditor shall, for each year, ascertain, as near as practicable, the true amount of personal property, moneys, credits, and investments that such person ought to have returned or listed, for not exceeding [¿Ae] five years next prior to the year in lohich the inquiries and corrections provided for in this and the next section are made ; and to the amount so ascertained, for each year, he shall add fifty per centum, multiply the sum or sums thus increased by said penalty by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate therefor to the county treasurer, who shall collect the same as other taxes.”
So that the new section 2781 does add one year, and provides for .an addition to the taxable amount of fifty per centum, which evidently is a penalty, and not an offset for loss of interest or expense.
This claim that the act is void is under Constitution, art. 2, sec. 28, which begins : “ The General Assembly shall have no power to pass retroactive laws.” As far as this statute authorizes the amending the tax returns for five years, (omitting now the penalty), the very matter has been decided by the Supreme Court of the United States, in the case of Sturges v. Carter, based upon section 2781 passed in 1878, and reported in the 114 U. S. Sup. Ct. Reps. 511. This case at pp. 513-514 defines this word in our constitution.
*40 “ In our opinion ” say the court, “ no right of the taxpayer was invaded by the act of 1873.” .... “Itgaveanew remedy to the state for enforcing a right which it had all the time possessed, namely, the right to the taxes upon property liable to taxation.”
“ Such an act is not a retractive law within the meaning of the constitution of Ohio. In the case of The Society for Propagating the Gospel v. Wheeler, 2 Gall. 139, Mr. Justice Story thus defines a retroative, or, as he calls it, a retrospective law : “ Upon principle every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.” The act of 1878 took away no vested right of the taxpayer, it imposed upon him no new duty or obligation, and subjected him to no new disability in reference to past transactions. The definition of Judge Story was adopted by the Supreme Court of Ohio in Rairden v. Holden, 15 Ohio St. 207, when contruing the clause in the constitution of Ohio now under consideration. Applying that definition, it is clear the provision in the act of May 11, 1878, complained of, is not open to the objection that it is forbidden by the constitution of the state. See also Goshorn v. Purcell, 11 Ohio St. 641; Greene Tp. v. Campbell, 16 Ohio St. 11; State v. Richland Tp., 20 Ohio St. 362; Dow v. Norris, 4 N. H. 16; Clark v. Clark, 10 N. H. 390; Greenlaw v. Greenlaw, 12 N. H. 200. The authorities cited are conclusive against the contention that the legislation under review is retroaactive.
It is seen that this decision follows the Supreme Court of our own state, which we need not otherwise cite, and the definition and limitation is further well expressed by our Supreme Court in Railroad v. Commissioners, 35 Ohio St. 1.
“The legislature cannot create a liability for acts to which there was no liability when they were committed; but where *41 a remedy exists, the legislature may change it, as well as to acts theretofore as to acts thereafter done.”
It is then no objection to the act of 1878, (Revision 2781), that it authorises a correction of the taxes for four years, nor to that of 1886, that it authorizes the correction of the taxes for five years prior to the current year.
Next, suppose that the legislature had no power to affix a penalty for any past year where the act repealed affixed no penalty. How, then, does this statute stand, or how is it to be construed ?
It has in this state in some instances in the lower courts, been thought to be entirely unconstitutional and void on that account; but can this be the law?
Kent, in his Commentaries, Vol. 1¿ star p. 449, makes this terse clear statement:
“ The law with us must conform in the first place to the constitution of the United States, and then to the subordinate constitution of the particular state, and if it infringes the provisions of either it is so far void.”
And the early case of Bank v. Dudley, 2 Pet. 499, says : “ If any part be unconstitutional, that may be disregarded.”
And it is difficult to see why the intergrity of the constitution requires more than that such part of the act as violates the constitution should be void, carrying with it so much of the act as cannot reasonably be separated from that part which directly violates the constitution.
Such is the rule recognized in the Supreme Court of our own state.
- State v. Pugh, 43 Ohio St. 524; Gibbons v. Gatholie Institute, 34 Ohio St. 390; Exchange Bank v. Ilines, 3 Ohio St. 1; Zanesville v. Auditor, 5 Ohio St. 395, and in other places.
The rule is naturally most fully stated and illustrated -by Mr. Cooley, in his “ Constitutional Limitations,” and without discussing in detail the many authorities which support his text, it seems sufficient to refer to that book. After a,general discussion, this author at p. 177 says :
*42 “ Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning, that it cannot be presumed the legislature -would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and saparable so that the first may stand, though the last fall. The point is not whether they are contained in the same section; for the distribution in to sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed wholly independent of that which was rejected, it must be sustained.”
This language is quoted in Bowles v. The State, 37 Ohio St. 44.
Now in this case, is or is not the penalty of 50 per cent, easily separated from the remainder of the act?
It is indeed perfectly easy to leave it out where it is claimed to infringe the constitution, without impairing in the least the efficiency of the act as to the principal of the past tax. It is said that the penalty is by the act to be added before the computation by the rule of assessment, but it is just as easy to omit the fifty per cent, in one place as the other. Adding to $100 the fifty per cent, thereof, and multiplying the sum by two is identically the same in result and hardly different in process from multiplying $100 by two and adding fifty per cent, of the result. This is too trifling a difference to be made the reason by a court for declaring void an act of the legislative body. Whether in this case the unconstitutional part, if such there be, is separable, may be illustrated by the case of State v. Pugh, 43 Ohio St. 124, re-districting Columbus, which declared void the act as to the appointment of officers and as to the re-districting as well, because the legislature would evi *43 dent-ly not have wished the re-districting of the city unless-they had expected to provide for its officers.
But in the case we have, would the legislature wish to neglect to provide for the principal of back taxes because there could be no penalty ? Would they not rather have acted on the homely adage that “ two-thirds of a loaf is better than no bread ?”
A pertinent illustration as to taxes is found in Exchange Bank v. Himes, 3 Ohio St. 34—35, where a part of the law as to making returns being declared unconstitutional, it was held that the balance was constitutional, and the tax collectible.
The constitutionality of this act was briefly discussed in Morgenthaler v. Crites, 4 Circ. Ct. Rep. 485, but with such different views on the part of the three judges composing the bench as leaves the case on this point undecided.
There are other considerations which, if the views herein expressed are not of force, would be decisive.
It is a rule in the construction of statutes that, if necessary to save their constitutionality, they will be construed to be prospective rather than retrospective,- unless express language forbids. The matter is discussed by Mr. Cooley in his work referred to, at p. 63 and p. 270 et seq., citing many authories.
Why, if a clause should operate unconstitutionally in some instances and not in others, should the courts declare that clause entirely void'? Is not the integrity and force of the constitution sufficiently preserved if the unconstitutional and inseparable parts are made void as to every one entitled to relief under the constitution ?
If a principal give general directions to an agent, the directions are not entirely void, because impossible or illegal im some cases. Nor, if a contract embraces a class, is it entirely void, because in some instances it is impracticable.
In constitutional questions generally the void clause is void always and in every instance in its operation. In this case the penalty for-past years operates unconstitutionally in cer *44 tain cases, and at the expiration of five years would operate correctly in all instances. Should the declaring it void go any further than the necessity ? The same reasoning which, holds part of a statute valid while part is void when unconstitutional, should support the doctrine that where a law will have generally a-constitutional effect, but in some instances will operate unconstitutionally, it'will be defeated only in its operation in the latter cases. It may well be that the legislature, in passing a general act which will be in most cases entirely proper, may expect without saying so, that in the instances where it would operate against the constitution, the constitution would be paramount. Says Mr. Justice Matthews, in Kentucky R. R. Tax Cases, 115 U. S. 334 : “ The constitution and the statute will be construed together.”
In the case of Poindexter v. Greenhow, 114 U. S. 274, 9th Syllabus, it is said : “ The cases are numerous where the tax laws of a state, which in their general and proper application are valid, have been held to become void in particular cases, either as unconstitutional regulations of commerce, or a violation of contracts prohibited by the constitution, or because in some other way they operate to deprive the party complaining, of a right secured to him by the constitution.”
An instance is found in the tax upon commercial travelers, declared void as against those from other states, but conceded to be still valid against travellers of the state where the act is passed. Robbins-Shelby Taxing District, 120 U. S. 499. Every case where the plaintiff' has been asked to show that the statute operates to invade his personal, constitutional rights, recognizes this principle. It is our opinion that the act is constitutional ; that in some special instances, literally applied it might have an unconstitutional operation ; that in these instances the parties should be relieved so far as they are entitled to protection.
And finally, if all we have said on this point was wrong, we think the result would be the same in this case, for the legislature would surely not have passed the repealing clause and no *45 other part of the act, so that the act of the Revised Statutes of 1890, would be iu full force, which would authorize the recovery and penalty for the current year, which was all that was recovered in this case. Nor in saying this, do we overlook the misunderstood intimation of Judge Hitchcock, 19 Ohio, 191, as stated in the Ohio Digest.
Hatfield & Baldwin, for plaintiff in error.
T. K. JDisette and Boynton, Hale & Horr, for defendant in error.
It was further said that the court erred in dismissing such parts of the petition as related to years before 1889, without prejudice to future claims for those years. As it appears that Smith should have made tax returns and paid taxes for those years, and the treasurer was defeated only by the technicality of their not being charged on the proper book, simple justice would require that the officers be permitted to take that step, which would entitle them when that step was taken, to recover at least a part of the back taxes sought in this suit.
The judgment of the Court of Common Pleas is affirmed.