Smith, J.
This case was heard on a motion to dismiss the appeal. The facts on which the motion is grounded, briefly stated, are these.
The action was begun in the superior court of Cincinnati October 6th, 1888, and on June 20, 1894, a final judgment was rendered therein. Notice of appeal was duly entered, and on July 29, 1894, the case was attempted to be appealed to this court by the giving of the bond, and the filing of the transcript and papers.
On the 18th day of April, 1893, an act was passed by the general assembly, which in effect abolished the general term of the superior court, and gave, by an amendment to section 6709, to. the circuit court of this county, the right to reverse, vacate and modify, on petition in error filed therein, a judgment rendered or final order made by said superior-court. (90 Ohio Laws, 191.) To correct an error therein-this section, with a slight alteration, not affecting this case, was re-enacted January 30, 1894, (91 Ohio Laws, 8), and by the act of April 18, 1893, section 6709a was passed, and it provided that all laws providing for appeal from the court of common pleas to the circuit court, shall apply in like cases to the superior court of Cincinnati, and all laws regulating the practice, forms of error and proceedings in error or appeal from the court of common pleas to the circuit court, shall be held to extend and-apply to the superior *252 court of Cincinnati, as fully as they extend to the court of common pleas.
This act took effect November 1st, 1893, and continued in force until July 1, 1894. See act of May 16, 1894, 91 Ohio Laws, 277, and post.
It will be seen from the foregoing statement that the question presented is, whether in a case which was pending in the superior court on and before November 1, 1893, and in which a judgment was entered on June 20, 1894, ten days before the day on which the law of May 16, 1894, took effect, might properly be appealed to the circuit court on July 29, 1894, or at any time.
It is apparent, from an examination of the statutes which were in forced up to November 1, 1893, that no right of appeal, as distinguished from a proceeding in error, was given from the decree or judgment of the special term of the superior court, to any court. And it is also clear that by the act of April 18, 1893, in section 6709, as therein re-enacted, or in 6709a, which last section appears for the first time, and which sections provide for proceedings in error and for appeal from the superior court to the circuit court, and in no other place in said- statute is there any express statement that the law in question shall apply to actions then pending in the superior court, with the single exception that section 3 thereof provides that “all cases pending in the general term of the superior court, and all unfinished business therein, at the time of the taking effect of the act, should be transferred to this court; nor so far as we can see, was there any language used therein from which such legislative intent can be implied. How, then, under the express provisions of Section 79, Revised Statutes, that where the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed,” can this act affect this action which was pending in that court, prior to, and at the time of the *253 taking effect of the act referred to, November 1, 1893? It must be conceded, also, we think, that this act, and the sections referred to, did relate to the remedy, and it would follow, therefore, that section 6709a did not apply to actions then pending in that court, so as to give a right thereafter, to any one, to appeal from a judgment rendered therein to .the circuit court. And this is the only section or provision of law which ever gave an appeal from that court to this.
Nor was there anything in the act of March 16, 1894, repealing the original statute of April 18, 1893, which can be construed as giving the right to appeal cases which were pending November 1, 1893, to'the circuit court. Section 4 of this last act contains this proviso, to the repeal of sec’s 6709 and 6709a, viz: “Provided however that this section 6709a, and section 1 of said act passed January 30, 1894, (section 6709), shall continue in force in so far as the same affect judgments rendered and final orders made by the superior court of Cincinnati, at special term,prior to the taking effect of this act; but this act shall apply to all actions and proceedings which may be pending and undetermined in the superior court of Cincinnati atspecial term, when this act takes effect.’’ (July 1, 1894.)
The effect of this provision, as we understand, is simply this: that whatever effect sections 6709 and 6709a originally had, still, remains as to actions which had been pending in the special term, but in which judgments had been rendered before the taking effect of the repealing law, viz., July 1, 1894. It did not give any new right of appeal or error. That is, if an action had been commenced in the superior court after November 1, 1893, and a judgment had been rendered thereon before July 1, 1894, there was still a right of appeal in such cases,unless the time therefor had expired. But as there was not originally given by section 6709a a right of appeal in cases brought before November 1, 1893, this proviso did not give it. And as this case had been fully *254 disposed of.by the superior court before July 1, 1894, it certainly does not come within the last provision of section 4, (the repealing section), which makes the act apply to all actions which may be pending and undetermined in that court when the act took effect, July 1, 1894.
The general doctrine that statutes affecting the remedy do not apply to pending actions, unless so expressed, is conclusively settled by the decision in the case of The State of Ohio ex rel. v. Rabbits, 46 Ohio St., 178. And the other cases decided by the same court, cited by counsel for the appellant, which seem in any degree to militate against that view, notably 29 Ohio St. 19, as shown by Judge Minshall in deciding the Rabbits case, were under statutes which contained no provision|as to the amendment or repeal of statutes relating to the remedy, not affecting pending actions unless so expressed, which provision appeared for the first time in the revision of 1880.
The case of McAlpin v. Clark, decided by the general term of the superior court and reported in 1 Nisi Prius Rep. 195,is cited as bearing on this [case. It was there held that in a case pending in that court on and before November 1, 1893, and in which judgment was rendered June 29, 1894, and a bill of exceptions filed June 30, 1894, and a petition in error filed in the general term July 24, 1894, that such court had not jurisdiction thereof, and that it could properly be filed in the circuit court. But we understand that the ground of this holding was that, while the law of April 18, 1893, was in force, and afterwards as to all judgments rendered, before July 1, 1894, by the superior court, that the law of 1893 conferred such jurisdiction in error proceedings, and that the provision of section 79 did not apply to them, for the reason that the error proceeding was a new one, and not a continuation of the old action, and, therefore, was not a pending proceeding when the law came into operation. *255 This, we think, was correct. But an appeal is very different from a proceeding in error, as is shown by the decisions of the Supreme Court, referred toby Judge Smith in announcing the decision of the general term in that case. The former is a continuance of the original action, and it would be affected by any statute relating to the remedy in such cases only when it was stated therein that it should affect pending actions.
B. S. Fulton, Attorney for the Motion.
Paxton, Warrington & Boutet, Contra.
Our conclusion, then, is, that the appeal was not well taken, and that the motion to dismiss it should be sustained, and the case stricken from the docket.