## APPEAL IN SUITS PENDING PRIOR TO MARCH 25, 1902— METHOD OF APPEAL.

[Circuit Court of Franklin County].

### HAYS v. OLENTANGY PARK COMPANY.

Decided, January Term, 1903.

*Pending Actions—Appeal—Section 5227 Before and After Amendment— Application of Section 79—Notice of Appeal and Entry Thereof.*

1. A suit is a "pending action" within the meaning of Section 79, R. S.; an appeal is a continuation of the suit; and, except in cases where an amended or repealing statute is made applicable by express terms, the manner of taking an appeal is controlled by the statute as it stood at the time the suit was brought.

2. Section 5227, R. S., as it read prior to the amendment of March 25, 1902, is applicable to actions pending on the date of the amendment.

3. A written notice of appeal, signed by the attorneys for defendant but not by the defendant himself, was filed within three days after the entering of the decree. This notice was not entered upon the journal, but the fact and date of the filing were noted on the appearance docket. *Held:* That this notice was an entry of notice of appeal, and it was the duty of the clerk to enter it upon the journal, and so far as the right of appeal is involved it will be considered as entered.

SUMMERS, J.; WILSON, J., and SULLIVAN, J., concur.

On motion to dismiss appeal.

This action was pending in the court of common pleas on March 25, 1902, when Section 5227, Rev. Stat., 95 O. L., 66, was amended to read:

"Section 5227. A party desiring to appeal his cause to the circuit court shall, within three days after the judgment or order is entered on his docket by the trial judge, file a written notice (1) of such intention, and, within thirty days after the entering of such judgment or order by the trial judge, (2) give an undertaking, with sufficient surety, to be approved by the clerk (3) of the court or a judge thereof, as hereinafter provided."

Subsequently on August 2, 1902, a decree against the defendant was entered, and on August 5, 1902, written notice of appeal signed by the attorneys, but not by the defendant, was filed. This notice has not been entered upon the journal, but the fact and date of filing were noted upon the appearance docket.

The plaintiff moves to dismiss the appeal on the ground that notice of intention to appeal was not entered on the journal within three days, the contention of his attorney being that the section as it read prior to the amendment controlled, and that if the amended section controlled then the notices are not good, because not signed by the party appealing, but by his attorney.

Counsel for the defendant contends that the notice is good under either the unamended or amended section.

The question to be determined is whether the defendant has prolonged the life of this action by a compliance with the provisions of the statute upon which it is conditioned.

Section 79, Rev. Stat., reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner effect [*affect*] pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not effect [*affect*] pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment effect [*affect*] causes of such action, prosecutions, or proceedings, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Repeals and amendments, because of their effect on existing rights and remedies, invited abuse akin to that arising from retrospective legislation. In *Travelers Ins. Co.* v. *Myers,* 59 Ohio St., 332, 333, Minshall, J., says:

"This section of the statutes was adopted for the reason, that, though the Legislature is denied by the Constitution the power to pass retroactive laws, it has been held that this did not include laws relating to the remedy; and so to prevent abuses, of which there were many and somewhat discreditable instances, it was provided that where laws relating to the remedy were adopted they should not affect pending actions, prosecutions, or proceedings, * * * unless otherwise expressly made so, in the amending or repealing act."

It is apparent from the original section and its several amendments that the Legislature intended thereby to make all amendments and repeals of statutes prospective in their operation upon rights and wrongs and the remedies for their enforcement and

redress, unless otherwise expressly provided in the amending or repealing act.

The first act was passed in 1856 (53 O. L., 153; 1 S. & C., 60), and provided:

"That whenever a statute is repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that occurred prior to any such repeal, except as may be provided in such repealing statute."

This was amended in 1866 [63 O L., 22] to read:

"That whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal; nor causes of such action, prosecutions or proceedings, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

This was again amended in 1880 and carried into the revision of the statutes as Section 79, Rev. Stat., above quoted.

The course of legislation was as follows: First, it was provided that repeals should not act retrospectively, then that repeals and amendments should not so act in either civil or criminal matters, and finally in 1880, the courts having held (*Westerman* v. *Westerman,* 25 Ohio St., 500; *Rouse* v. *Chappell,* 26 Ohio St., 306; *Warner* v. *Railway Co.,* 31 Ohio St., 265) that a change in the statute, affecting merely the remedy, did not affect the pending action, prosecution, or proceeding, within the meaning of the statute, and that an amended statute of that character applied as well to cases pending and causes of action existing at the date of its taking effect; as to future cases and causes of action, it was provided: "When the repeal or amendment relates to the remedy it shall not affect pending actions, prosecutions or proceedings unless so expressed."

This section, so amended, was interpreted by the Supreme Court in the same year, the court saying in *Cincinnati, S. & C. Ry. Co.* v. *Belt,* 35 Ohio St., 479, 481:

"In every case the inquiry is as to the intention of the law-making power; and that the Legislature intended the rule prescribed in Sec. 79, Rev. Stat., should be applied to the statutes mentioned

in and repealed by Section 7437 of the revision, and hence that the intention was to save matters of every sort pending when the Revised Statutes took effect, we entertain no doubt."

The same interpretation is applicable now, for the section is not limited to the statutes mentioned in and repealed by Section 7437, Rev. Stat., but is of continuing operation.

However, the intention of the Legislature seems to have been in a measure defeated by the language used to give it expression. Instead of using general terms, particular terms were used, and in *Westerman* v. *Westerman, supra,* p. 507, Welch, J., says:

"By the word 'proceeding' in the last named act, is meant not the steps taken or form of proceeding in an action, but a certain description of *suit* which is not properly denominated an action."

In *Lafferty* v. *Shinn,* 38 Ohio St., 46, Okey, C. J., says that the remedy by error is a proceeding, and that the right to file a petition to reverse a judgment is a cause of proceeding, and it is there ruled that an amendment reducing the period within which a proceeding in error may be commenced from three to two years does not apply to judgments rendered prior to the time the amendment took effect, because Section 79 saved a cause of proceeding.

And in *Travelers Ins. Co.* v *Myers, supra,* it is ruled that the amendment of Section 6710, Rev. Stat., limiting the jurisdiction on error of the Supreme Court to cases in which the judgment was not less than $300, did not apply to pending proceedings in error, nor to existing causes of such proceeding, although expressly made applicable to all causes of action existing and to actions pending in all courts inferior to the Supreme Court, because by the terms of Section 79, Rev. Stat., pending proceedings and existing causes of proceedings were saved.

True, the court ruled that a right to prosecute error to the Supreme Court to a judgment rendered in the circuit court subsequently to the adoption of the amendment was not affected by the amendment, presumably on the ground that the proceeding in error in the circuit court was a pending proceeding, and overlooking the fact that the proceeding in error subsequently commenced in the Supreme Court was not the same proceeding that was pending in the circuit court, for it overruled *Curry* v. *Homer.* 40 Bull, 303,

and vacated the order of dismissal. In that case a judgment had been rendered for less than $300, and a proceeding in error was pending in the circuit court at the time the amendment was adopted; a judgment of affirmance was subsequently rendered by the circuit court and a proceeding in error commenced in the Supreme Court, where a motion to dismiss was sustained on the ground that the amendment applied to actions pending in the circuit court.

It is apparent from the course of decisions in the Supreme Court that the dismissal was correct, though for a wrong reason. The proceeding in error, subsequently commenced in the Supreme Court was not a pending proceeding, but a proceeding commenced after the amendment went into effect and based upon a cause of proceeding, to-wit, the judgment of the circuit court, arising after the amendment took effect, and, consequently, subject to it, because Section 79, Rev. Stat., does not save future proceedings or causes of proceeding, and the amendment applied to such proceedings and causes of proceeding without any provision expressly declaring it applicable.

This is more clearly demonstrated in the opinion by Smith, J., in *McAlpin* v. *Clark,* 1 N. P., 195.

The act amending Section 5227, Rev. Stat., does not provide that it shall apply to pending actions, and the question now arises whether the steps necessary to an appeal are proceedings in a pending action and within the saving clause of Section 79, Rev. Stat., or is the pending action terminated by decree, and must the appeal be effected in accordance with the law in force when the decree is entered.

The code has abolished actions at law and suits in equity and substituted a civil action, but it has not, as has been done in many states, provided a common form of appellate proceeding, but has, in a measure, preserved the distinction that formerly existed between them so that errors of law are brought up by petition in error, while an appeal, generally speaking, brings up the whole case for a trial in the higher court upon the facts as well as the law. In *Macklin* v. *Allenberg,* 100 Mo., 337, Black, J., says that in that state the distinction between appeals and writs of error is still pre-

served, and that an appeal is a continuation of the suit, while a writ of error is a new action. The same reasons apply here. An appeal must be effected at once, notice be given within three days, while at one time error might have been prosecuted within three years. The time is now four months, and summons in error must be served or appearance be entered.

The distinction seems to be conceded in *Taylor* v. *Boyd,* 3 Ohio, 337, 354, and in *Ludlow* v. *Kidd,* 3 Ohio, 541, 547, Sherman, J., says:

"Appeals, in chancery proceedings, from an inferior to a superior tribunal, have been long established in our system of jurisprudence, and one of familiar and daily occurrence in our practice, and it has never been supposed that the appeal was anything rather than a proceeding in the original cause. * * * The appeal has the effect of continuing the cause and suspending or vacating the decree of the inferior tribunal until the cause is heard in the appellate court."

The ruling in *Thompson* v. *Building Assn.,* 7 Circ. Dec., 68, followed in *Blymyer* v. *Meader,* 9 Circ. Dec., 173, and in *Heberger* v. *Sabbert,* 48 Bull., 12, are to the same effect. And in *Bode* v. *Welch,* 29 Ohio St., 19, 22, decided in 1875, before the amendment of 1880, Welsh, C. J., says:

"Whether such right of appeal is to be regarded as a subsisting 'cause' of action or proceeding, or whether the case in which it exists is to be regarded as a pending 'action' or 'proceeding' within the purview of the act of 1856, matters not. In whichever character it is to be regarded, we think it comes fairly within the saving clauses of the act."

It follows that Section 5227, Rev. Stat., as it read prior to the amendment, applies, and the remaining question is whether the defendant has complied with its provision.

That section, previous to amendment, provided that the party desiring to appeal should, within three days after the judgment or order was entered, enter on the record notice of such intent.

The written notice that was filed was styled and endorsed simply notice. Had it been styled and endorsed entry of notice of appeal, there would be apparently little room to question that it was a

proper notice of appeal to be entered on the journal, or that it would be the duty of the clerk to enter it. The clerk did not so enter it, but merely noted on the appearance docket: "1902, Aug. 5. Defts. notice of appeal to circuit court filed."

Conceding that the right of appeal is wholly statutory, and that compliance with the provision of the statute is jurisdictional, and that in this respect the statute is to be strictly construed (*Browne v. Wallace,* 66 Ohio St., 57), still we are of the opinion that the written notice that was filed was an entry of notice of an appeal and that it was the duty of the clerk to enter it upon the journal. This being so, we think it must be, so far as the right of appeal is involved, considered as entered. In *Miller v. Albright,* 12 C. C., 533, it is held that notice of appeal is, in law, for all purposes of appeal, entered upon the record at the time it is given to the clerk to be entered.

This has been the practice. Moreover, the statute requires only that the notice be entered within three days after the judgment or order is entered. We know that many orders are not entered until long after the day they are filed. And yet they are entered on the journal as of the day they are filed, and in practice they are treated as entered on the day they are filed, and the time within which the notice of appeal must be given is computed from that day, and if it were otherwise and the entry must be not only filed, but actually entered, then there would be no certainty, but many contentions as to when the clerk actually entered the order and notice, and the appeal might be lost by the failure of the clerk to perform his duty.

The motion is overruled.

*G. H. Stewart,* for plaintiff.

*T. J. Keating* and *Dusenbury & Dusenbury,* for defendant.