Shauck, J.
We do not inquire whether the circuit court may, for any purpose, enter an order of this character nunc pro tunc. Orders may always be so entered in furtherance of justice, and it may be *52 assumed that for some purposes the order in the present case might operate from the earlier date. We have only to inquire whether the appellant’s right to prosecute error for the reversal of that order was thereby defeated, his petition in error having been filed in this court for that purpose within four months of the date when the order was actually entered by the circuit court, but not within four months of the date when, by its terms, it was to operate. In support of the conclusion that it was so defeated it is urged that the statute limiting the time within which petitions in error may be filed began to run not on April 22, 1903, when the order was actually entered, but on November 19, 1902, when, by its terms, it was to take effect. We are urged to adopt this view although the circuit court is a court of record, and although it is imperatively required that the transcript of its record to be filed here with the petition in error must contain the order or judgment whose reversal is sought. Since the right to prosecute error did not accrue until the order became a matter of record, the sum of the contention for the defendants in error is that, an order which may be entered nunc pro tunc only in furtherance of justice, has the effect to defeat the right to prosecute a proceeding in error which is expressly conferred by the statute.
The petition in error having been filed within four months after the entry of the order whose reversal is sought, we have to inquire whether the circuit court properly dismissed the appeal. By its terms the order of dismissal appears to have been made because the appellant had not, within three days after entry of the final judgment in the court of ■ common pleas, filed a written notice of his intention *53 to appeal, in accordance with the requirement of section 5227, Bevised Statutes, as amended March 25, 1902, and in force when the order was entered. The circuit court so concluded, although the record contained notice of such intention entered upon the journal of the court of common pleas in accordance with the requirement of the section before said amendment and as it was in force when the suit was instituted in the court of common pleas. The amending act of March 25,1902, makes no provision respecting its operation or effect, except that it “shall take effect and be in force from and after its passage.” Consistency of interpretation is of first importance, and it requires us to assume that the legislature has knowledge of the acts which it has passed, and that ■ this act was so passed in view of the provisions off. chapter five, relating to the operation of statutes. Section 79 is a part of that chapter, and it provides that, “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such fiction, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.” That the effect of this section is to prevent the application of the amendment of March 25, 1902, to the present case would seem to be clear. That it prevents the application of an amending statute to the right of appeal in an existing case, in the absence of a provision in the amending statute expressly mak *54 ing it so applicable, is tbe sole point decided in Bode, Admr. v. Welch, 29 Ohio St., 19. In the opinion it is said that it matters not whether the right to appeal is to be regarded as a subsisting cause-of action or proceeding, or whether the case in which the right exists is to be regarded as a pending action or proceeding. The conclusion of the circuit court is not supported by any of the decisions respecting proceedings in error for the reversal of the judgment. Such proceedings recognize the termination of the original case. To institute them it is required that a petition in error be filed in the reviewing court, and to acquire jurisdiction of the person of the adverse party there must be the issuance and service of summons; whereas, the steps necessary to effect an appeal are taken in the court having jurisdiction of the original action and the adversary party is bound thereby without summons. An obvious analogy is found in the doctrine of lis pendens where the distinction between appeals and proceedings in error, in this respect, is recognized. The property which is the subject of a suit is bound by its event not only while the case is pending in the court of first resort, but also while it is pending in a court to which it may be taken by appeal; but where a review of the judgment is sought by proceedings in error, the suit is regarded as ended by the judgment of the court of first resort. This distinction was recognized in Heirs of Ludlow v. Kidd’s Exrs., 3 Ohio, 541, where Sherman, J., speaks of an appeal as a proceeding in the original cause, and concludes that its effect is to continue the cause and suspend the decree of the inferior tribunal until the judgment of the tribunal to which the appeal is taken.
*55 The conclusion of the circuit court is not reconcilable with the provisions of the statute or with the decided cases, and its order dismissing the appeal will he

Reversed.

Spear, C. J., Davis, Price, Crew and Summers, JJ., concur.