MONROE GENERAL TERM, December, 1847.   *Maynard,*
*Selden* and *Welles*, Justices.

### O'MALEY *vs.* REESE.

The section of the constitution which provides that on the first Monday of July, 1847, jurisdiction of all " suits and proceedings originally commenced and then pending in any court of common pleas," shall become vested in the supreme court, means all suits originally commenced in the old courts of common pleas, whether the same have proceeded to final judgment, or not; provided any further judicial action is to be had thereon. Accordingly *Held*, that a motion for a special report of a referee, to be made up and incorporated in the record, in a case thus situated, after the first Monday of July, 1847, was properly made in the supreme court.

In such a case the supreme court will not grant a mandamus, directed to the referee.

The legislature did not intend, by the 55th section of the judiciary act of 1847, to give to the new county courts any judicial power in relation to a judgment in a suit originally commenced in the old court of common pleas.

THIS was a motion, by the plaintiff, for a rule requiring a special report of the referee to be made, under the direction of P. G. Buchan, the referee, of the facts proved before him, and for leave to incorporate the same in the judgment record. The same motion was made at the special term of this court held at Rochester, in September, 1847, by Justice Welles, and the case here was the same as that then presented, excepting that on this motion the affidavits were properly entitled in the cause. The same objections to the granting of the motion were now urged which were then made ; except that instead of objecting that the affidavits on which the motion was founded were *not entitled,* it was now objected that they *were entitled* in the cause.

*Paine & Cochrane,* for the plaintiff.

*Bowne & Benedict,* for the defendant.

*By the Court,* MAYNARD, P. J. This is the same case, upon the merits, which was presented at the special term in Monroe county, in September last; with the affidavits upon which the motion is founded regularly entitled in the cause, so

O'Maley *v.* Reese.

as to avoid the formal objection upon which the motion was then denied. We have had the case under consideration, and have concluded to adopt the reasoning of Justice Welles, who decided the case at the special term.

Motion granted.

The case at the special term was as follows : Motion for a rule requiring a special report of the referee to be made, under the direction of P. G. Buchan, the referee, of the facts proved before him, and for leave to incorporate the same in the judgment record ; or that an alternative mandamus issue to said Buchan, requiring him to make such report. The affidavit upon which the motion was founded was not entitled in the cause. It stated that on the 9th of November, 1846, this suit was commenced in the court of common pleas of Monroe county, by filing and serving a declaration, to which the defendant pleaded the general issue ;. that at the December term of that court, the cause was, by consent of parties, referred to P. G. Buchan, then first judge of said court, as sole referee ; and that on the 18th of January, 1847, the cause was brought to a hearing before the referee, who reported generally, in favor of the defendant, without stating any point or question that had been decided by him. It appeared that the referee was of the opinion that the facts were sufficiently proved to entitle the plaintiff to a report in his favor ; although there was some conflicting evidence upon the facts ; but he reported in favor of the defendant on the ground of the insufficiency of the declaration. The plaintiff's attorney made a case, setting forth all the evidence ; upon which he moved at the last March term of the common pleas to set aside the report. On the argument of the motion for a new trial the testimony was not read or reviewed, but the facts were assumed to have been proved, and nothing but the question of law was argued. At the last June term, the court denied the motion to set aside the report. The plaintiff's attorney, at the same time, moved the court, on affidavit and notice, for a rule requiring the referee to make a special report of the facts proved before him, and that the defendant's attor-

O'Maley *v.* Reese.

'ney incorporate the same in the record, or that the plaintiff's attorney have leave to do so. The court denied the motion, on the ground that the practice requiring a special report had been abolished. The affidavit also stated that P. G. Buchan was now judge of the county courts of said county of Monroe, and that the defendant perfected and docketed judgment in the cause on the 28th of June last, and that he intended to bring a writ of error to reverse the judgment of the court of common pleas.

The defendant's counsel raised a preliminary objection to the affidavit on which the motion was founded, that it was not entitled. The court received the affidavit, subject to the objection. The counsel also objected that the cause was not in this court, and cited Art. 14, § 5 of the constitution, and § 55 of the judiciary act of 1847. He also contended that this was not a proper case for a mandamus.

WELLES, J. In order to determine the preliminary objection to the affidavit, it is necessary to decide whether the cause is pending in this court. If it is, then the affidavit is irregular, in consequence of not being entitled. (2 *Cowen's Rep.* 500; *Gra. Prac. 2d. ed.* 160, 677, 678.)

By the new constitution, art. 14, § 5, it is provided, amongst other things, that "on the first Monday of July, 1847, jurisdiction of all suits and proceedings then pending in the present supreme court and court of chancery, and all suits or proceedings originally commenced and then pending in any court of common pleas (except in the city and county of New York,) shall become vested in the supreme court hereby established. Proceedings pending in the court of common pleas, and in suits originally commenced in justices' courts, shall be transferred to the county courts provided for in this constitution, in such manner and form, and under such regulations as shall be provided for by law."

Is this a suit or proceeding originally commenced or pending in the court of common pleas on the first Monday in July, 1847, within the meaning of the above recited section of the constitu-

O'Maley *v.* Reese.

tion? If it is, then by force of that section, and without the aid and notwithstanding any action of the legislature, it was, on that day, transferred into this court. It is argued that a final judgment had been entered and perfected, and that the suit was not then "*pending*," in the sense of the constitution. It is also urged that the 55th section of the judiciary act (*Laws of* 1837, *p*. 319,) which directs that execution may be issued out of the new county courts, to collect any judgment in the court of common pleas in the same county, is a legislative construction of the constitution in this respect, and shows that where final judgment has been perfected in the court of common pleas, the suit or judgment is transferred into the county court.

With respect to the position that it is not a suit or proceeding which was originally commenced, and on the first Monday in July 1847, *pending* in the common pleas, I think it is too rigid a construction of the constitution, and one never intended by its framers. If this case does not come within the class of cases transferred into this court, by the constitution, I think there is no court in existence having any control over it. The court of common pleas does not exist, and it is not transferred into the new county court. That part of the section of the constitution which describes the business to be transferred from the courts of common pleas into the new county courts is in these words: "Proceedings-pending in courts of common pleas, and in suits originally commenced in justices' courts." It is observable that this provision just alluded to uses the words " proceedings pending" &c, and declares that *they* shall be transferred &c. in such manner &c. and under such regulations as shall be provided by law. The section had just before absolutely transferred into this court all *suits and proceedings* originally commenced and pending in the courts of common pleas. I conclude, therefore, that the matters to be transferred into courts of common pleas in such manner as should be provided by law, were *proceedings*, such as petitions for the discharge of imprisoned debtors; applications for the relief of sureties in criminal cases; petitions for the discharge of debtors under the two-third act; and a variety of other statutory proceedings forming an important class of bu-

O'Maley *v.* Reese.

siness transacted in the courts of common pleas; which were never denominated suits; together with proceedings in *suits* originally commenced in justices' courts. I do not regard the criticism on the word *pending*, in the forepart of the section cited, as being just or fair, or as calculated to elucidate the meaning of the instrument. If it should prevail, a large class of important business of the courts would be left unprovided for.

If there is no further question to be determined in relation to the judgment perfected in the old court of common pleas, then it would not be necessary to transfer the case into any court. No further judicial action in such case, is to be had ; and all that remains to be done is to issue execution ; and the legislature has provided for that, in the 55th section of the judiciary act. That section authorizes the issuing of executions out of the county court, to collect such judgments. This, however, is a mere ministerial act. The judgment no more becomes the judgment of the new county court, than the judgment of a justice of the peace, where a transcript had been filed with the county clerk, became a judgment of the old court of common pleas.

The views above expressed render it unnecessary to consider the argument of legislative construction. That argument, I think, has been already met and answered. For, if I am not mistaken, the legislature did not intend, by the 55th section of the act, to give to the new county courts any judicial power in relation to a judgment in a suit originally commenced in the old court of common pleas.

The conclusion to which I have arrived is, that, by the terms " suits and proceedings originally commenced and then pending in any court of common pleas," in the constitution, is intended all suits originally commenced in the old courts of common pleas, whether the same have proceeded to final judgment or not ; provided any further judicial action is to be had thereon ; such, for instance, as a motion for a new trial upon a case, or motions to set aside a report of referees, to amend the record, to set aside the judgment for irregularity ; or the kind of relief asked for on this motion.

If 1 am right in this conclusion, it follows that the suit is in this court, and that the affidavit should have been entitled. And it is perfectly clear that this is not a case for a mandamus.

The motion is denied without prejudice, and without costs.

Oneida Special Term, December, 1847.    *Gridley*, Justice.