Johnson, J.
The ground of the motion is that the amendments, Sections 2 and 6 to Article IV of the Constitution, adopted by the people at the election held in September, 1912, and which, by the schedule adopted at the same election, went into effect Januarjr 1, 1913, deprive this court of jurisdiction to review cases decided by the circuit court prior to January 1, 1913, in which the petition in error was filed in this court after that date.
Prior to the adoption of the amendments referred to, Section 2 of Article IV of the Constitution contained the provision: “It [the supreme court],, shall have original jurisdiction in quo warranto, mandamus, habeas corpus and procedendo, and such appellate jurisdiction as may be provided by law.”
Under the authority therein conferred, Section 12250, General Code, was enacted: “A judgment rendered or a final order made by a circuit court or a judge thereof, court of common pleas or a judge thereof, probate court, insolvency court or a superior court or a judge thereof,- may be reversed, vacated or modified by the supreme court, on a petition in error, for errors appearing on the record.”
Pertinent parts of the amended Sections 2 and 6 are as follows:
“Section '2.' * * * All cases pending in the supreme court at the time of the adoption of this amendment by the people, shall proceed to judgment in the manner' provided by existing law.”
*64 “Section 6. * * * The courts of appeals shall continue the work of the respective circuit courts and all pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals, and the supreme court, as now provided by law, and cases brought into said courts of appeals after the taking- effect hereof shall be subject to the provisions hereof, and the circuit courts shall be merged into, and their work continued by, the courts of appeals.”
The schedule provides: “The several amendments passed and submitted by this convention when adopted at the election shall take effect on the first day of January, 1913, except as otherwise specifically provided by the schedule attached to any of said amendments. All laws then in force, not inconsistent therewith, shall continue in force until amended or repealed; provided that all cases pending in the courts on the first day of January, 1913, shall be heard and tried in the same manner and by the same procedure as is now authorized by law. Any provision of the amendments passed1 and submitted by this convention and adopted by the electors, inconsistent with, or in conflict with, any provision of the present constitution, shall be held to prevail.”
It is insisted that inasmuch as the judgment of the circuit court was rendered prior to January 1, 1913, and the petition in error was not filed in this court before that date, it was not then a “pending case,” and, therefore, not within the saving provision of Section 6, that “All pending cases and proceedings in the circuit court shall proceed to *65 judgment and be determined by the respective courts of appeals, and the supreme court, as now provided by law.”
Was it the intention of the people, when they adopted the amendments above referred to, to withdraw from the supreme court jurisdiction to review judgments, such as described, and which it exercised under original Section 2 and Section 12250, General Code, above quoted?
The duty of the court, and its only proper purpose, in the construction of these amendments, is to ascertain and give effect to the intent of the people when they wrote them into their constitution.
In the endeavor to promote the, objects for which they were framed and adopted, rules which are merely technical should not be permitted to thwart the attainment of those objects, by forcing from them a meaning which their framers never held. No narrow reasoning should be allowed to lead to the disregard of these principles, which have become fixed and fundamental.
If the contention of those supporting the motion be correct, then the convention which submitted the amendments and the people adopting them left a hiatus in the system for the administration of ■justice; that is' to say, they left a period in which parties to cases pending in the circuit courts and decided prior to January 1, 1913, should not have the benefit of existing laws as to review of such causes, unless the proceeding was brought before that date, while cases pending in the..same’ circuit court at the same time, but not decided bv the court of appeals until after that date,' could be *66 reviewed by this court in the manner provided by law.
By adopting this construction, we would hold that the circuit court had final jurisdiction in the cases which .it had- decided, as above described, although there is not contained in the constitution or laws in effect prior to the adoption of - the amendments, and there is not ■ contained in the amendments themselves, any provision that the circuit court should have final jurisdiction, in the sense that its judgments should not be subject to review.
No reason is apparent in the terms of the amendments, and none is suggested, why such discrimination was intended to result from the merging of the circuit courts into the courts of appeals. There is not disclosed, in any language used, any intention on the part of the people to withdraw the right of parties to have the judgments of the circuit courts reviewed in the manner provided by the 'constitution and the laws in existence at the time the amendments were adopted. On the contrary, there is a very apparent purpose shown in the amendments and in the schedule, to preserve to 'litigants, who had already invoked the jurisdiction of the circuit courts, the right to have their causes proceed as before. The evident determination was to merge the old courts into the new, fully and completely, in such manner as to secure all rights which parties had been entitled to under the earlier tribunal. Is the phrase, “pending cases and proceedings in the circuit courts,” of such, clear, definite and limited meaning' as. to - exclude cases filling . within the class *67 above referred to?- We. do not think that such a narrow and technical construction of that phrase, as it is used in this amendment, is. warranted.;.-. •
In this connection, we remark that in the ;same amendment—Section 6—it is provided that, - with certain specific exceptions, “the judgments of the courts of appeals shall be final.” Heretofore, under our procedure,, it was necessary that • a judgment should be final before it was subject to review, but it is manifest that, in the amendment referred to, the word “final” is used in . a -sense which means that the judgments are-not subject to review. The phrase “pending cases and proceedings” seems not to have a definite meaning— fixed by authority—although the provisions of Section 26, General Code, with reference to the effect of the repeal or amendment of a statute, on pending actions, have been construed by this court in a number of cases. The meaning of such a phrase must be gathered from its context, and the' assistance to be had from any decided case must necessarily depend on the similarity of the context to that of the phrase involved in the inquiry. ■
In Bode, Admx., v. Welch, 29 Ohio St., 19, a judgment was recovered against Welch before--a justice of the peace on March 26, 1875. Defendant was entitled by the law then in force to an appeal, on giving a bond within ten days. This he did, giving his appeal bond on April 5; 1875. On March 30, 1875, the section of the law .giving this right of appeal was repealed without any saving clause as to actions pending or causes of actions subsisting. But it was provided by the *68 act of February 19, 1866 ( 63 O. L., 22), that “whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending' actions * • * * unless otherwise expressly provided in the amending or repealing act.” The court held that the act of March 30, 1875, must be construed as though the above-quoted section of the act of 1866 were appended to it, and that the case, after judgment in the justice court, was a pending action or proceeding or cause thereof, so that the amendatory act of 1875 did not affect the right of appeal therefrom. The court say: “It is true, in a strictly technical sense, that there was no ‘action’ or ‘proceeding’ pending at the time the repealing act took effect, because a ‘final judgment’ had been rendered therein. But the judgment was final only with reference to the power of- the court, and its action in the case. With reference to the rights of the parties it was not final. That which can be vacated and superseded is not final, as between the' parties having the power to set it aside.”
■ In Wegman v. Childs, 41 N. Y., 159, the question presented was whether the supreme court, under the constitution- of 1846, had jurisdiction to award an execution upon a judgment entered in the court of common pleas before the adoption of the constitution, where such judgment was rendered in a suit-originally commenced in that court. It was provided by the 5tlx section of article XIV of the -constitution that jurisdiction of all suits and proceedings pending in the supreme court and-court of chancery, and all suits and proceedings originally commenced and pending in the *69 court, of common pleas, except .in the city /and county of New York, on the first Monday of July, 1847, should become vested in the supreme court thereby established. It was held that- an action is pending in a court, though judgment has been rendered, as long as the judgment is unsatisfied. The court say: “It was also decided in this court, in the case of Suydam v. Holden, that the supreme court has power under the constitution of 1846, which gives to that court jurisdiction over all suits pending in the court of chancery on the first day of July, 1846, to vacate the entry of satisfaction of a final decree of that court, entered on its records prior to 1846, on the return of the execution unsatisfied, and to order a new execution to be issued on the decree.”
In the case of United States v. Taylor, 44 Fed. Rep., 2, it is held in the syllabus that “Where a territorial court, by its final decree in a case, granted an injunction for the protection of a continuing right, the case is after such decree, still a ‘pending’ case, within the meaning of the 23d section of the act providing for the creation of state governments for Washington and other' territories, and is transferable to the court which by said act is made the successor of said territorial court.”
As to the contention that because a final decree ‘had been previously rendered, the case had terminated and was not a pending case, the court say: “The decision upon this point involves simply a definition of' the word ‘pending,’ as used in the 23d section of what is commonly called ‘the Enabling Act.’ * * *
*70 “When all its provisions' are considered, the act manifestly shows that congress intended 'to fully protect and preserve not merely the rights of' parties in a few select and especially favored ones of the . cases . commenced in the territorial-courts, but every right of every party in every case which at any time had been or should be commenced in those courts during their existence; and the' words, ‘all ■ cases, proceedings and matters pending/ used in the act, must be construed to embrace all cases, proceedings and matters initiated in the territorial courts, and in which at the time of' the actual transformation of the territorial judicial system into the state and national system there should be yet any vitality, force or virtue.”
;This view of the meaning of the word “pending-,”, in different connections in which it has been used, has been upheld in O’Maley v. Reese, 1 Barb., 643; Howell v. Bowers, 2 Cr. M. & R., 621; Ex parte Howland, 3 Okl. Crim. Rep., 142; Ulshafer v. Stewart, 71 Pa. St., 170; Mitchell & Rammelsburg Furniture Co. v. Sampson, 40 Fed. Rep., 805; Sherrer v. Caneza, 33 La. An., 314. Courts for the review of legal proceedings' are, and have 'been, an essential part of our judicial system. Valuable rights acquired under a system in full and legal operation should not be held by the' court to have been withdrawn and destroyed; unless by express language or by provisions from-which' it must follow, by necessary implication; that such result was. intended. This doctrine was upheld in Commonwealth v. Balph, 111 Pa. St., *71 379; Endlich on Interpretation of Statutes Sec. 522. .
A careful consideration of the purposes of .the amendments in question and of the results which would follow the adoption of the construction contended for by those favoring these motions, leads us to conclude that all rights which parties had in cases, pending in the circuit courts prior to January 1, 1913, are preserved in their full integrity, whether judgment was entered in such cases by the old circuit courts or by the courts of appeals into which they were merged.

The motions will be overruled.

Shauck, C. J., Donahue, Wanamaker, Newman and Wilkin, JJ., Concur.