Johnson, J.
By its entry it is shown that the court of appeals reversed the judgment of the trial court for three reasons. They will be examined in their order.
I. That the court erred in giving to the jury before argument charge No. 2, requested by the plaintiff, viz., “You are instructed that if the preponderance of the evidence shows that at and shortly before the time of the collision, the headlight on this car was not in operation, you are at liberty, if you so determine, to find that the absence of the headlight constituted negligence on the part of the defendant,” and in thereafter charging the jury in the general charge: “The burden is upon the plaintiff to show that the defendant did not *265 exercise ordinary care in operating its car; to-wit, was the headlight lighted or imlighted ? Did the headlight shine at and preceding the time of the accident ? The burden is upon the plaintiff to show that it did not shine. If it did not shine, and the defendant operated its car without a light, was that operation the exercise of ordinary care under the circumstances ?”
It is insisted that by this language the court indicated to the j'ury that the defendant would not be exercising ordinary care in the operation of the car if the headlight was not lighted, and that it unduly emphasized the importance of the issue as to whether the headlight was burning or not.
The testimony showed that the night on which the accident occurred was very dark; that the car was not running on a regular schedule; and that its speed at the time' was very rapid. It must also be noted that it was running upon a public highway where it was the duty of the company to operate its car with reference to the rights of others rightfully traveling on the highway; that the duty to use care in such circumstances is reciprocal. Neither the company nor the traveler has any exclusive rights in the highway and each is under obligation to use that care which the circumstances would dictate to ordinarily prudent and careful persons.
We think it clear that in the special charge it is. left to the jury to determine whether the absence of the headlight constituted negligence under the circumstances, if they should find by the preponderance of the evidence that it was riot in operation. *266 And, in the portion of the general charge quoted, substantially the same proposition is laid down and the same instruction given. The jury must have been impressed — it is apparent from the record— that the question of the headlight was an important feature of the case. The defendant had itself emphasized the importance of this feature by its request to the court to give the following charge, which the court gave: “No matter what you may find with respect to any other issue in this case, you must return a verdict for the defendant unless you find that there was no headlight burning on the defendant’s car at the time it was approaching the point where the collision occurred.’* The court left it to the jury to determine whether the absence of the headlight showed the exercise of ordinary care under the circumstances which the testimony disclosed.
The court at the request of the defendant'submitted interrogatories to the jury touching the questions whether an electric sign and a classification lamp were upon the defendant’s car at the time of the injury, whether the headlight on the car was lighted while it was running over the thousand feet of track immediately east of the accident, and whether the plaintiff’s buggy at the time that the collision occurred was resting crosswise of the defendant’s tracks. The first two interrogatories the jury answered in the affirmative and the last two in the negative. These answers manifest a full and intelligent understanding by the jury of the controlling issues, and as to where the preponderance of the evidence was on these issues.
*267 II. The court of appeals was of the opinion that the trial court also erred in the following portion of its general charge: “Should you find upon the issues of negligence and contributory negligence in favor of the defendant, you need consider the case no longer, and your deliberations end at that point.” It is urged that this language was misleading, that it gave the impression to the jury that in order to find for the defendant it was necessary to find in favor of the defendant on the issues of negligence and contributory negligence, both. Of course if the jury should find in favor of the defendant either upon an issue of negligence or contributory negligence, the defendant would be entitled to the verdict.
But just preceding the portion of the charge above quoted, the trial court had clearly and correctly instructed the jury with reference to negligence and contributory negligence, and had concluded the exposition in these words: “If you shall find that the defendant was negligent, but you also find that the plaintiff himself was negligent, then the plaintiff cannot recover. If negligence of the plaintiff and of the defendant both concurred, the plaintiff cannot recover for his injury. If the defendant was not negligent and the plaintiff not negligent, the plaintiff cannot recover.”
In this situation we cannot believe that any juror could be misled by the use of the word “and” instead of the word “or” in the portion of the charge to which objection is made. Over-nice verbal distinctions, which close analysis may discover, should not be resorted to by reviewing courts in the exam *268 ination of the work of trial courts, when it is manifest that men of ordinary intelligence would not be misled in the performance of their duties as jurors.
There is a general and wholesome tendency to disregard merely technical errors or verbal slips when ■ from the context it appears that comprehensive and correct instructions have been given and substantial justice has been done.
III. It is also urged that the trial court erred in admitting in evidence at the trial the deposition of Delbert Reed, taken by the plaintiff, and this we think presents the most important question in the case. The facts concerning it were as follows: The jury in a former trial had returned a verdict in favor of the plaintiff, and the court of appeals in June, 1918, heard the case on error and announced that the judgment of the lower court was reversed. No entry was put upon the journal of the court of appeals until September, 1918, at which time the mandate remanding the case to the court of common pleas was issued. In July, the witness Reed, who was a soldier in the United States Army, was at home on a furlough. Notice was served upon the defendant’s counsel that the deposition would be taken at Fremont, Ohio. The deposition was taken. Counsel for defendant' attended and cross-examined the witness at length. The deposition was filed in the court of common pleas in August, 1918, and was admitted in evidence on the trial thereafter had in the court of common plea§, over the objection of the defendant.
*269 • It is insisted that this ruling was erroneous because the case was not pending in the court of common pleas at the time of the taking of the deposition, and, therefore, there was no authority in law for taking it. The order remanding the cause to the court of common pleas was entered in the court of appeals on September 11. The court speaks by its journal and the fact that it had announced in June that the judgment below would be reversed could only have effect when the entry was made on the journal. Therefore, the question is presented whether the fact that the error proceeding was still undisposed of in the court of appeals operated to deny to the plaintiff the right to take the deposition before the remanding mandate had been filed in the common pleas court.
By Section 11526, General Code, it is provided that either party may commence taking testimony by deposition at any time after service upon the defendant.
Section 11534 provides for notice to the adverse party, in which the name of the court, or the tribunal in which the deposition is to be used, and the time when and place where it will be taken, shall be specified.
Section 11538 provides for the transmission of the deposition to the clerk of the court where the action or proceeding is pending.
In this case, as already stated, an error proceeding had been brought in the court of appeals. The error proceeding under our code does not operate to transfer the entire case to the court of appeals.
*270 Section 12265, General Code, provides that no proceeding in error shall stay execution unless a supersedeas bond is filed with the clerk of the court in which the record of the judgment was made. In this case the supersedeas bond was given, but it did not alter or affect in any way the validity or vitality of the judgment in the case. It merely stayed execution on it. In appealable cases a different situation is presented. The giving of the appeal bond removes the entire case to the court of appeals and it is there tried de novo. The appeal vacates the judgment or decree in the court below. The court below has lost all power to do anything in the case when it has been appealed. Not so in error proceeding. The very object of the error proceeding was to procure a new trial in the common pleas court.
In Bode, Admx., v. Welch, 29 Ohio St., 19, a judgment was recovered against Welch before a justice of the peace on March 26, 1875. Defendant was'entitled by the law then in force to an appeal On -giving bond within ten days. On March 30 the section of the law giving the- right of appeal was repealed without any saving clause to actions pending or causes of actions subsisting. But it was provided by the act of February 19, 1866, that “whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions * * * unless otherwise expressly provided in the amending or repealing act.” The court held that the act of March 30, 1875, •must be construed as though the above-quoted section of the act of ’66 were appended to it, and that *271 the case after judgment in the justice’s court was a pending action or proceeding or cause thereof, so that the amendatory act of ’75 did not affect the right of appeal therefrom. The court says, at page 22: “It is true, in a strictly technical sense, that there was no ‘action’ or ‘proceeding’ pending at the time the repealing act took effect, because a ‘final judgment’ had been rendered therein. But the judgment was final only with reference to the power of the court, and its action in the case. With reference to the rights of the parties it was not final.”
This view of the meaning of the word “pending” in different connections in which it has been used has been upheld in Hupp et al. v. Hock-Hocking Oil & Natural Gas Co., 88 Ohio St., 61, 67; O’Maley v. Reese, 1 Barb., 643; Ulshafer v. Stewart, 71 Pa. St., 170;. Mitchell & Rammelsburg Furniture Co. v. Sampson, 40 Fed. Rep., 805, and Scherrer v. Caneza, Sheriff, 33 La. Ann., 314.
In Long, Exr., v. Straus et al., 124 Ind., 84, it is said: “It is also argued that, as the cause was pending in this court at the time the deposition was taken, it should have been suppressed. There is no strength in this position. The appellees had a right to take depositions to preserve testimony at any time, and the fact that the case was pending on appeal did not deprive them of this right. They are not bound to take the risk of losing the testimony ; but had' there been, no opportunity for using it they would have been compelled to pay the costs of securing it”
*272 In 8 Ruling Case Law, page 1164, it is said: “The existence of an actual, as distinguished from a potential, issue of fact is not made a conclusive test of the right to take depositions de bene esse, and consequently such depositions may be taken pending an appeal as well as before verdict or findings upon the issues of fact in the action.”
In Sections 12216 and 12217, General Code, provision is made for perpetuating testimony and for the filing of a petition in the common pleas court for an order to take and perpetuate the testimony under circumstances there laid down, and it is provided that the petition shall include, among other things, a statement that the applicant expects to be a party to an action in a court in this state, or is a party to one already commenced, in which judgment has been rendered and execution thereof stayed by proceedings in error. Section 12218, General Code, requires the court to fix the time and place of examination, the length of time of notice, and the manner of notice.
It is insisted that these provisions are exclusive, but it will be observed that they are found in Part Third, Title IV, Division IX of the General Code, which division is denominated “Special Proceedings.” These sections have carried into the code, and made statutory, provision for bills long in use in chancery, in perpetuam rei memoriam and de bene esse, but there is nothing in those provisions which indicates that it was the intention of the legislature to in any degree modify or cut down the right conferred by the sections of the code of civil procedure, to which we have referred, which give *273 the right to take depositions at any time after service on the defendant. It is easy to conceive of cases in which great injustice would ultimately result if parties were compelled to wait until the final issue of error proceedings, which might consume long periods of time, and take the chances of success in such proceedings without the right to take the depositions of sick or absent witnesses whose testimony might be essential to the establishment of their case. And the delay necessarily incident to a special proceeding in court to perpetuate testimony might be equally hurtful.
Moreover, in this instance, the defendant’s counsel, after the service of notice on them, attended the taking of the deposition, cross-examined the witness at length, and made no objection to the right of the plaintiff to take the deposition and file it in the common pleas court, until after the cause had been remanded to that court. This appearance and this participation in the taking of the deposition and the examination of the witness without objection amounted to a waiver in any view of the case. It is not analogous to a waiver of objection to the jurisdiction of a court over a subject-matter beyond that conferred by law.
Some other alleged errors in the record are urged upon our attention and we have given them careful consideration. They were also urged in the court of appeals, and we agree with that court that none of them constitutes such error as would justify a reversal of the judgment of the court of common pleas. Some of the objections relate to *274 refusal to give special charges, the substance of some of which was included in the general charge and of others in other special charges. There were some thirty-five of these special charges requested. We think we might appropriately call attention to the admonitions of the court, speaking by Spear, J., in American Steel Packing Co. v. Conkle, 86 Ohio St., 117, touching excessive and repetitious requests to charge.
The judgment of the trial court here involved was entered after five trials of the case to juries. This fact furnishes no ground to deny the right of review. But in such a case the reviewing court should be careful to see that the error complained of is real and substantial and that by reason of it justice has not been done. The mischief of endless litigation is itself a thing to be dreaded.
The judgment of the court of appeals will be reversed and that of the common pleas affirmed.

Judgment reversed.

Matthias, Wanamaker, Robinson and Merrell, JJ., concur.
Jones, J., dissents from third proposition of the syllabus. .